# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2012

No. 11-60460
Summary Calendar

Lyle W. Cayce
Clerk

RODOLFO LICON CAZAREZ,

Petitioner

v.

UNITED STATES PAROLE COMMISSION,

Respondent

Appeal from a Decision of the
United States Parole Commission
(No. 84154-198)

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rodolfo Cazarez was convicted of murdering his uncle in Mexico. He was transferred to the United States to serve his sentence pursuant to a treaty. After such transfers, the United States Parole Commission is to determine the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60460

prisoner's release date. Cazarez appeals from the determination that his release will occur after he serves 262 months in prison, followed by a 36 month term of supervised release. We AFFIRM.

In September 2006, Cazarez and his uncle were in Mexico, both were intoxicated, and they began to fight about money. Cazarez used his uncle's own gun to shoot him twice, killing him. Cazarez was convicted in a Mexican court of murder, and that conviction was affirmed on appeal. He was transferred at some point to the United States.

After a transfer, the Parole Commission "shall, without unnecessary delay, determine a release date and a period and conditions of supervised release for an offender transferred to the United States to serve a sentence of imprisonment, as though the offender were convicted in a United States district court of a similar offense." 18 U.S.C. § 4106A(b)(1)(A). Our review is "as though the determination appealed had been a sentence imposed by a United States district court." *Id*. § 4106A(b)(2)(B). Typically, that means our review involves considering "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). The Commission argues that because Cazarez did not request a Guidelines departure, we should review only for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Because Cazarez does not prevail even under the more stringent abuse of discretion review, we do not need to conclude whether abuse of discretion or plain error review applies.

The hearing examiner found second degree murder to be the most analogous offense under the Sentencing Guidelines. The examiner calculated an offense level of 35 and a criminal history category of V, resulting in a Guidelines range of 262 - 327 months. The Parole Commission determined that he was originally sentenced to 28 years, but his sentence was reduced on appeal

No. 11-60460

to 23 years. "We accept the Parole Commission's factual findings unless clearly erroneous." *Welsh v. U.S. Parole Comm'n*, 513 F.3d 169, 172 (5th Cir. 2008).

Cazarez does not challenge the calculation under the Guidelines. His only argument on appeal is that the Commission failed to consider his allegations of abuse in Mexican prison, his post-sentencing rehabilitation as shown by his church attendance, his wood working, his desire to help youth, and the lower chance of recidivism because he is 45 years old.

The hearing examiner made these conclusions:

> I recommend that the Commission set a release date after service of 262 months, which is the bottom of the guideline range. This recommendation takes into account the factors in 18 U.S.C. 3553, including the need to provide an adequate period of supervision for drug aftercare and for monitoring Cazarez's adjustment after release. In addition to the nature of the offense and Cazarez's criminal record, I have taken into account the mistreatment Cazarez received in the Mexican prison.

Cazarez has not established the Commission abused its discretion in adopting the hearing examiner's recommendation of a sentence at the bottom of the Guidelines range.

AFFIRMED.